IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ray Harrison, on behalf of himself and those similarly situated, | ) ) ) | CA: 4:11-cv-01312-TLW |
| Plaintiff, | ) ) | |
| v. | ) ) | **JOINT RULE 26(f) REPORT** |
| First Reliance Bank, | ) ) | |
| Defendant. | ) ) | |

The parties, having consulted by telephone conference on July 18, 2001 pursuant to Rule 26(f) Fed. R. Civ. P., hereby report as follows (check one below):

☐      We agree that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 are attached.**

XX     We agree that the schedule set forth in the Conference and Scheduling Order filed requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 are attached.**

☐      We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, is attached. The information required by Local Civil Rule 26.03 is also attached.**

## DISCOVERY PLAN

The parties to the above-captioned matter hereby submit the following in compliance with Rule 26(f), Fed. R. Civ. P.:

(a) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:

**ANSWER:** **The parties have agreed to waive the Rule 26(a)(1) Disclosures.**

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited or focused on particular issues:

**ANSWER**: **The parties anticipate discovery related to issues concerning whether or not the action should be maintained as a class action; whether or not the Defendant was in compliance with the Electronic Funds Transfer Act, 15 U.S.C.A. § 1693, et seq. during the times alleged in the Complaint; whether or not Defendant should be excused from any liability for non-compliance with the Act because of applicable statutory and other defenses; whether the Defendant is liable for statutory damages and, if so, in what amount. The time and manner in which the discovery should be conducted is described in the proposed consent amended scheduling order, being submitted to chambers in accordance with the Local Rules.**

(3) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

**ANSWER:** **None at this time.**

(4)   Any issues about claims of privilege or of protection as to trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order:

**ANSWER:**   None at this time.

(5)   What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and:

**ANSWER:**   None at this time.

(6)   Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):

**ANSWER:**   None at this time.

## RULE 26.03 DISCLOSURES

Pursuant to Local Rule 26.03, the parties file their Rule 26.03 Disclosures as follows:

(1)   A short statement of the facts of the case:

**ANSWER:   Plaintiff alleges that on or about May 1, 2011 he made a cash withdrawal from an automated teller machine ("ATM") operated by Defendant at 411 Second Loop Road, Florence, South Carolina and that Defendant charged him a fee of $3.00 in connection with the transaction. At the time of the transaction, according to Plaintiff's Complaint, there was no notice posted "on or at" the ATM informing consumers that a fee would be charged. Plaintiff contends the absence of such notice was in violation of the Electronic Funds Transfer Act, 15 U.S.C.A. § 1693 et seq. and implementing regulations**

**found at 12 C.F.R. § 205 et seq. Suing individually and on behalf of a putative class, Plaintiff seeks to recover statutory damages as a result of the alleged violation of the notice provisions of the Act.**

**Defendant denies Plaintiff's allegations and denies the action meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. Furthermore, Defendant alleges that if the notice posted on the ATM was missing at the time of Plaintiff's transaction, Defendant is not liable for its absence because the posted notice was removed by someone other than Defendant, and the absence of the notice was not intentional but was due to bona fide error or other circumstances beyond the control of Defendant.**

**(2)   The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

**<u>ANSWER</u>:   The Plaintiff, Ray Harrison, is expected to testify concerning the circumstances of the ATM transaction alleged in the Complaint. Representatives of Defendants and third-party witnesses are expected to testify regarding the notice posted at the ATM, the inspection and maintenance procedures employed by Defendant with regard to its ATM, the circumstances surrounding the disappearance and restoration of the posted notice, the number of persons affected, and other relevant factors.**

**(3)   The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered):**

**ANSWER:** The parties have not yet retained the services of expert witnesses in this matter. However, each party reserves its right to retain experts as discovery in this matter progresses if it deems such to be appropriate. Potential experts would be expected to testify with regard to compliance procedures and/or fee disclosure requirements for ATM operators and financial institutions under the Electronic Fund Transfer Act and implementing regulations, 12 C.F.R. § 205 et seq.

(4)     A summary of the claims or defenses, the statutory and/or case citations supporting the same:

**ANSWER:** See response to (1) above. The claims and defenses in this matter are governed by the Electronic Funds Transfer Act, 15 U.S.C.A. §1693 et seq., its implementing regulations, 12 C.F.R. § 205 et seq., and relevant case law interpreting the regulations and provisions of the Act. The issues pertaining to class certification are governed by Rule 23 of the Federal Rules of Civil procedure and relevant case law construing the requirements for class certification under Rule 23.

(5)     Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

**ANSWER:**

(a)     Trial Date: The parties believe this case will be ready for trial by August 1, 2012 with the interim deadlines proposed in the Consent Amended Scheduling Order being submitted to chambers in accordance with Local Rules.

(b)     Completion of discovery: The parties propose to complete discovery by May 16, 2012 with the interim deadlines proposed in the Consent Amended

**Scheduling Order being submitted to chambers in accordance with Local Rules.**

(6)  The parties shall inform the court whether there are any special circumstances, which would affect the time frames applied in preparing the Scheduling Order:

**ANSWER:  In accordance with Rule 23 of the Federal Rules of Civil Procedure, the court must determine whether or not the case should be certified as a class action and, if so, the content and manner of notice to be given to class members.**

(7)  The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER:  The parties will provide any information within its capabilities requested by the Court.**

| PLAINTIFF | DEFENDANT |
|---|---|
| /s/ James M. Griffin<br>James M. Griffin (Fed. ID 1053)<br>Margaret N. Fox (Fed. ID 10576)<br>GRIFFIN LLC<br>Post Office Box 999<br>Columbia, South Carolina 29202<br>Tel.: (803) 744-0800 | /s/Steven W. Ouzts<br>Steven W. Ouzts (Fed. ID 2945)<br>TURNER PADGET GRAHAM & LANEY, P.A.<br>Post Office Box 1473<br>Columbia, South Carolina 29202<br>Tel.: (803) 227-4244 |
| Michael P. Lewis (*pending pro hac vice admission*)<br>THE LEWIS FIRM PLLC<br>901 New York Ave., N.W., Suite 550<br>Washington, D.C. 20001<br>Tel.: (202) 630-6257 | Jeffrey L. Payne<br>TURNER PADGET GRAHAM & LANEY, P.A.<br>Post Office Box 5478<br>Florence, South Carolina 29502<br>Tel.: (843) 662-9008 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Dated:  7/27/11 | Dated: July 29, 2011 |